```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


DEALERS ASSURANCE COMPANY,

        Plaintiff,

     vs.                              Civil Action 2:13-CV-987
                                      Magistrate Judge King

FIDELITY BANK AND TRUST,

        Defendant.
```

## OPINION AND ORDER

This matter is before the Court on notices that N.C. & VA. Warranty, Inc. ("NCVA") filed a petition in bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina. ECF 51, 52. Plaintiff Dealers Assurance Company ("Plaintiff") and defendant Fidelity Bank and Trust ("Fidelity") disagree whether 11 U.S.C. § 362 stays the entire action or stays only the claims against NCVA. *Id.*; ECF 54, 55.

This Court has previously set forth the relevant background. *Opinion and Order*, ECF 36. More briefly, in August 2001, plaintiff and NCVA entered into an agreement whereby plaintiff insured NCVA in the event that NCVA defaulted in the payment of warranty claims ("the Insurance Agreement"). *Complaint*, ECF 2, ¶ 3; Insurance Agreement, *Exhibit B* to *Motion to Join*, ECF 19, PAGEID#:161 (filed under seal). Under the Insurance Agreement, NCVA was to deposit funds as security in the event of NCVA's default. Insurance Agreement, ¶¶ 6-7, 20.

In November 2009, plaintiff, NCVA and Fidelity signed an agreement ("the Trust Agreement") whereby NCVA agreed to establish a trust account

1

("Trust Account") with Fidelity acting as trustee. *Complaint*, ¶¶ 4, 6-7; *Exhibit A*, attached thereto.[1] Plaintiff alleges that between the years 2009 and 2012, Fidelity represented to plaintiff that more than $3 million was on deposit with Fidelity in the Trust Account. *Id.* at ¶¶ 9-16 (citing *Exhibits B*, *C*, *D* and *E*, attached thereto). However, Fidelity had never taken possession of any funds for that account. *Id.* at ¶ 17. According to Fidelity, the bank statements sent to plaintiff bearing Fidelity's purported letterhead (*see Exhibits B* and *D* attached to the *Complaint*) were forgeries sent by NCVA's financial advisor. *Opinion and Order*, ECF 36, pp. 3-4.

On September 6, 2013, plaintiff filed the *Complaint* in the Court of Common Pleas for Franklin County, Ohio, alleging that Fidelity had reported to it that funds had been deposited and remained in the Trust Account when, in fact, no funds had ever been deposited. Naming only Fidelity as a defendant, plaintiff asserts claims of breach of trust, breach of fiduciary duty, violation of Ohio's statutes governing the trust agreement, O.R.C. §§ 5808.10, .13, negligence and breach of contract in connection with Fidelity's alleged failure to hold and maintain funds in the Trust Account and failure to accurately report to plaintiff on the status of the Trust Account. *See Complaint; Notice of Removal*, ¶ 1, ECF 1. Fidelity denies liability and asserts several defenses. *Fidelity's Answer to Complaint*, pp. 5-6. On October 2, 2013, Fidelity removed the action to this Court as a diversity case. *Notice of Removal*.

---

[1] It is undisputed that plaintiff and Fidelity signed different versions of the Trust Agreement. *Opinion and Order*, ECF 36, pp. 2-3. Apart from these differences, both versions obligated Fidelity, as trustee, to take possession of and hold funds in trust. *Id.* at 3.

Thereafter, the Court granted Fidelity's motion to join NCVA as a party. *Opinion and Order*, ECF 36. Finding, *inter alia*, that "NCVA retains an interest in any funds deposited in the event that it is not determined to be in default[,]" this Court concluded that NCVA was a necessary party within the meaning of Rule 19(a) and that its joinder was feasible. *Id*. at 6-13. The Court therefore ordered plaintiff to amend the complaint to add NCVA as a defendant in this action. *Id*. at 13-14. Thereafter, plaintiff filed an amended complaint, including additional factual allegations and claims as well as adding NCVA as a defendant. ECF 37. Fidelity has moved to strike plaintiff's amended complaint, ECF 40, and plaintiff later moved for leave to amend to include these additional changes, ECF 42. Both motions are now ripe for resolution and remain pending. NCVA has not entered an appearance in this case nor has it responded to the amended complaint.

Plaintiff and Fidelity recently advised the Court that NCVA has filed a petition in bankruptcy in the United States Bankruptcy Court for the Middle District of North Carolina. ECF 51, 52. These parties disagree whether 11 U.S.C. § 362 imposes a stay as to the entire action or only as to the claims against NCVA. *Id*. On January 30, 2015, in response to this Court's *Order*, ECF 53, Fidelity and plaintiff filed memoranda explaining their respective positions. ECF 54, 55.

"[F]iling for bankruptcy stays a number of enforcement actions against the debtor, his or her property, and property of the estate." *United States v. Robinson (In re Robinson)*, 764 F.3d 554, 559 (6th Cir. 2014)(citing 11 U.S.C. § 362(a)). "The stay seeks to preserve what remains

3

of the debtor's insolvent estate and . . . provide[s] a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, thereby preventing a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *Id.* (quoting *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 382-83 (6th Cir. 2001) (internal quotation marks omitted)). In other words, "the purpose of the automatic stay, during its pendency, [is] to prevent any creditor from becoming a self-determined arbiter of what constitutes property of the estate and what actions are permitted or prohibited by the stay." *Clark v. United States (In re Clark)*, 207 B.R. 559, 565 (Bankr. S.D. Ohio 1997).

In the case presently before the Court, the parties disagree whether certain sections of the Bankruptcy's Code automatic stay provision, 11 U.S.C. § 362 (a)(1) or (a)(3), operate to stay plaintiff's claims as to Fidelity. *See*, *e.g.*, ECF 54, pp. 1-2; ECF 55, p. 2. Section 362(a) provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 [15 USCS § 78eee(a)(3)], operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title
> . . .
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property

4

of the estate[.]

11 U.S.C. § 362(a)(1), (3). The United States Court of Appeals for the Sixth Circuit separately analyzes stays under § 362(a)(1) and those under § 362(a)(3). *See*, *e.g.*, *Amedisys, Inc. v. Nat'l Century Fin. Enters.*, 423 F.3d 567, 578 (6th Cir. 2005); *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993). Section 362(a)(1) "[c]learly" stays any actions against the debtor, but the stay "does not extend, however, to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation." *Patton*, 8 F.3d at 349. While a "debtor's stay may be extended to nonbankrupt parties in 'unusual circumstances[,]'" "the bankruptcy court would first need to extend the automatic stay[2] under its equity jurisdiction pursuant to 11 U.S.C. § 105."[3] *Id*. *See also Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 314 (6th Cir. 2000) ("Extending a stay to nonbankrupt co-defendants is justified only in 'unusual circumstances.'") (citing *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 861 (6th Cir. 1992)). Therefore,

> before a party may move a district court to extend the automatic stay under § 362 to non-debtor co-defendants, that party must first affirmatively seek an order from the bankruptcy court; the bankruptcy court has authority to extend the protections of § 362(a) pursuant to its equity powers under § 105 of the Bankruptcy Code.

*Hemlock Semiconductor Corp. v. Global Sun Ltd.*, No. 13-11881, 2014 U.S.

---

[2] "It should be noted that such extensions, although referred to as extensions of the automatic stay, were in fact injunctions issued by the bankruptcy court after hearing and the establishment of unusual need to take this action to protect the administration of the bankruptcy estate." *Patton*, 8 F.3d at 349 (citations and internal quotation marks omitted).

[3] A bankruptcy court has authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

5

Dist. LEXIS 51549, at *7 (E.D. Mich. Apr. 15, 2014)). "Various courts have found that the automatic stay should not be extended to solvent co-defendants where the co-defendants may be held liable independently of the debtor." *Integrity Stainless Corp. v. Keystone Surplus Metals, Inc.*, No. 1:08-cv-2560, 2009 U.S. Dist. LEXIS 11008, at *4 (N.D. Ohio Feb. 13, 2009) (collecting cases).

In the case presently before the Court, Fidelity is a non-debtor and NCVA's co-defendant. To date, Fidelity has not sought an order from the bankruptcy court to extend the stay as to it based on unusual circumstances under 11 U.S.C. § 362(a)(1). *See generally* court docket for *In re NC & VA Warranty Company, Inc.*, No. 15-80016, United States Bankruptcy Court for the Middle District of North Carolina. *See also United States v. Newsome*, Nos. 3:11-cr-160, 3:14-cv-302, 2014 U.S. Dist. LEXIS 150659, at *3 (S.D. Ohio Oct. 23, 2014) ("A federal district court is permitted to take judicial notice of another court's website."). Under these circumstances, this Court lacks the authority to extend the stay under § 362(a)(1) as to Fidelity. *See*, *e.g.*, *Patton*, 8 F.3d at 349.

Fidelity nevertheless urges this Court to stay this entire action because NCVA retains an interest in the trust funds and because "NCVA intends to assert claims against Fidelity related to those funds as it has listed as an asset in its bankruptcy petition a $10,000,000.00 potential claim against Fidelity." ECF 54, pp. 1-3 (citing, *inter alia*, § 362(a)(1), (a)(3)). To the extent that Fidelity moves for a stay of the claims asserted against it under § 362(a)(1), that argument fails for the reasons previously discussed. If Fidelity intends to assert that the trust funds

6

and/or NCVA's potential lawsuit against Fidelity constitute "property of the estate" under 11 U.S.C. § 362(a)(3), that argument is likewise unavailing. "Property of the estate" includes "all legal or equitable interests of the debtor in the property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The determination of 'what constitutes property of the estate and what actions are permitted or prohibited by the stay' falls under the exclusive jurisdiction of the bankruptcy court." *In re Elrod*, No. 09-13493, Chapter 13, 2015 Bankr. LEXIS 200, at *33 (W.D. Tenn. Jan. 14, 2015) (quoting *In re Clark*, 207 B.R. at 564-65). Again, nothing before the Court suggests that Fidelity has sought, or received, such a determination by the bankruptcy court. Accordingly, this Court is without jurisdiction to determine whether the trust funds or NCVA's potential lawsuit against Fidelity constitute "property of the estate" under § 362(a)(3), thereby warranting a stay of plaintiff's claims against Fidelity.

It is presently unclear to this Court (and, presumably, to plaintiff and Fidelity) whether either NCVA or the bankruptcy trustee intends to pursue a claim against Fidelity or to the trust funds. The Court therefore **DIRECTS** plaintiff and Fidelity, either jointly or separately, to make inquiry of NCVA's bankruptcy trustee in that regard and to report to the Court no later than February 27, 2015.

**WHEREUPON**, all claims against N.C. & VA. Warranty are **STAYED** pending either resolution of its bankruptcy proceedings or relief from the automatic stay by the bankruptcy court. Plaintiff and Fidelity are **ORDERED** to report, no later than February 27, 2015, whether either N.C. & VA.

7

Warranty or its bankruptcy trustee intends to pursue claims against Fidelity or to the trust funds at issue in this case.

February 5, 2015                              *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge